**Affirmed and Memorandum Opinion filed August 27, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00281-CV

## NGUYEN VU CORPORATION, Appellant

### V.

## PD & SONS, LLC D/B/A ROSA PHARMACY, Appellee

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-11552**

## MEMORANDUM OPINION

This appeal arises from a lawsuit filed by PD & Sons, LLC d/b/a Rosa Pharmacy ("PD & Sons") against Nguyen Vu Corporation ("NVC"), Alpha Pharmacy, LLC and Loi Thi Vu. The trial court entered final judgment in accordance with the jury's verdict. Both PD & Sons and NVC filed post-judgment motions.

NVC filed a timely notice of appeal which was followed by PD & Sons' timely notice of appeal.[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

The suit stems from a lease between NVC (landlord) and PD & Sons (tenant) for a five-year term with an option to renew for five more years. According to the terms of the lease, the option to renew automatically terminated upon default by PD & Sons. Based upon its belief that PD & Sons failed to comply with its obligations under the lease (1) to have sufficient insurance coverage and (2) to provide NVC copies of its insurance policies and proof of payment of premiums, NVC considered the option to renew terminated. PD & Sons filed suit contending it had met its obligations regarding insurance coverage and therefore had an option to renew the lease.

The matter was tried to a jury. The jury found PD & Sons did not fail to comply with the lease, and NVC failed to comply by refusing to honor the renewal option. Based on the jury's answers to the charge, the trial court rendered judgment for declaratory relief with respect to the prevailing rate for a comparable space for a comparable term, awarded PD & Sons actual damages of $6,408 (as the difference in total rent PD & Sons actually paid to NVC since January 1, 2014, and the total rent that PD & Sons should have paid), and attorney's fees.

Both parties filed post-judgment motions, which were overruled by operation of law, and then notices of appeal. PD & Sons, however, raises no issues on appeal. We therefore address NVC's complaints.

---

[1] Alpha Pharmacy, LLC, and Loi Thi Vu are not parties to this appeal.

[2] Because the parties are familiar with the facts of the case and the evidence adduced at trial, we set forth the facts of the case necessary to advise the parties of the court's decision and the basic reasons for it in light of the issues raised. *See* Tex. R. App. P. 47.1, 47.4.

## ANALYSIS

In its sole issue on appeal, NVC contends "[t]here are legally sufficient facts for [NVC] to be entitled to judgment as a matter of law that [PD & Sons'] option to renew the lease between the parties had terminated." Based upon this issue, NVC asks this court to render judgment that PD & Sons take nothing, and further, award NVC attorney's fees as the prevailing party.

NVC asserts the lease expired by its own terms on December 31, 2013, because PD & Sons failed to "strictly comply" with the terms of the lease, and therefore NVC is entitled to judgment as a matter of law that PD & Sons "had no exercisable option." But the record reflects the jury was asked whether PD & Sons or NVC failed to comply with the lease, and whether any failure to comply with the lease, by either NVC or PD & Sons, was "material." NVC does not refer this court to any objection to the court's charge and makes no argument on appeal that the charge was erroneous. Nowhere in its brief does NVC assert that the alleged failures by PD & Sons to comply with the lease were material.

When there is no objection to the charge, we measure the legal sufficiency of the evidence against the charge actually given. *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 530 (Tex. 2002) (plurality op.); *Yeng v. Zou*, 407 S.W.3d 485, 489–90 (Tex. App.—Houston [14th Dist.] 2013, no pet.). NVC does not claim there was no evidence to support the jury's answers to the charge given. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000) (holding that appellate court could not review the sufficiency of the evidence based on a particular legal standard because that standard was not submitted to the jury and no party objected to the charge on this ground or requested that the jury be charged using this standard); *Hirschfeld Steel Co. v. Kellogg Brown & Root, Inc.*, 201 S.W.3d 272, 283–86 (Tex. App.—Houston [14th

Dist.] 2006, no. pet.) (reviewing sufficiency of evidence based on unobjected-to jury instruction and rejecting various arguments based on different legal standards).

Because the only argument that the evidence is legally insufficient is based on a standard that was not submitted to the jury, NVC's appellate complaint lacks merit. We overrule NVC's issue and affirm the trial court's judgment.

/s/    Margaret "Meg" Poissant
        Justice

Panel consists of Chief Justice Frost and Justices Bourliot and Poissant.